UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FAOUZI ABDUL-MENHEM JABER,<br><br>        Petitioner,<br><br>   -against-<br><br>MR. MICHAEL D. CARVAJAL, Director of U.S. Bureau of Prisons; JUDGE: MRS. COLLEEN McMAHON, et. al, for the United States of America,<br><br>        Respondents. | 1:20-CV-8123 (LLS)<br><br>TRANSFER ORDER |

LOUIS L. STANTON, United States District Judge:

  Petitioner, currently incarcerated in the Federal Correctional Institution (Coleman Medium), in Sumterville, Florida, brings this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2241, challenging the constitutionality of his conviction and sentence entered in *United States v. Jaber*, ECF 1:13-CR-0485, 54 (S.D.N.Y. Feb. 1, 2018), *appeal withdrawn*, No. 18-435 (2d Cir. Mar. 15, 2018). For the reasons set forth below, the Court transfers this petition to the United States Court of Appeals for the Second Circuit as a second or successive motion under 28 U.S.C. § 2255.

  The proper vehicle for the relief Petitioner seeks is a motion to vacate, set aside, or correct his federal sentence brought under § 2255, not a petition for a writ of *habeas corpus* under § 2241. *See Jiminian v. Nash*, 245 F.3d 144, 146-47 (2d Cir. 2001) (A § 2255 motion "is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence . . . ."). Petitioner has already challenged his conviction and sentence in *Jaber*, 1:13-CR-0485, by previously filing a § 2255 motion that was denied on the merits. *See Jaber v. United States*, No. 18-CV-12047 (CM), 2019 WL 2498216 (S.D.N.Y. June 4, 2019).

A submission is considered a second or successive § 2255 motion when it is filed after a previously filed § 2255 motion has been adjudicated on the merits. *See Corrao v. United States*, 152 F.3d 188, 191 (2d Cir. 1998). A court may recharacterize a submission as a second or successive § 2255 motion without providing the filing litigant an opportunity to withdraw it. *Jiminian*, 245 F.3d at 148. Because Petitioner previously filed a § 2255 motion challenging the same conviction and sentence, and that § 2255 motion was decided on the merits before Petitioner filed the present § 2241 petition, the Court recharacterizes the present § 2241 petition as a second or successive § 2255 motion.

Before a litigant may file a second or successive § 2255 motion in a district court, authorization from the appropriate court of appeals is required. *See* 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). Petitioner does not indicate that he received authorization from the United States Court of Appeals for the Second Circuit to file this second or successive § 2255 motion. He must therefore request permission to pursue this second or successive § 2255 motion from the Second Circuit. Because second or successive § 2255 motions should be transferred to the appropriate court of appeals, *see Liriano v. United States*, 95 F.3d 119, 122-23 (2d Cir. 1996), in the interest of justice, the Court transfers this second or successive § 2255 motion to the Second Circuit, *see* 28 U.S.C. § 1631.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Petitioner and note service on the docket.

In the interest of justice, the Court construes this petition for a writ of *habeas corpus*, brought under 28 U.S.C. § 2241, as a second or successive motion under 28 U.S.C. § 2255, and transfers it to the United States Court of Appeals for the Second Circuit under 28 U.S.C. § 1631.

The Court denies Petitioner's motion for the appointment of counsel (ECF 2) without prejudice to reconsidering it if the Second Circuit grants authorization for this Court to consider this second or successive § 2255 motion.

This order closes this action.

SO ORDERED.

Dated:   October 8, 2020
         New York, New York

                                              *Louis L. Stanton*
                                              Louis L. Stanton
                                                  U.S.D.J.